[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10467
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20541-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DWIGHT ALLEN GUTHRIDGE ESPINOZA,
a.k.a. Dwight Uthridge,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 20, 2014)

Before HULL, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

After pleading guilty, Dwight Guthridge Espinoza appeals his 151-month sentence for distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2).  On appeal, Espinoza argues that his sentence is unreasonable.  After review, we affirm.

## I.  GENERAL PRINCIPLES

"We review the reasonableness of a sentence for an abuse of discretion using a two-step process."  United States v. Cubero, 754 F.3d 888, 892 (11th Cir. 2014) (quotation marks omitted).  "First, we look at whether the district court committed any significant procedural error, such as miscalculating the advisory guidelines range, treating the guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence."  Id.  "Then, we examine whether the sentence is substantively unreasonable under the totality of the circumstances and in light of the § 3553(a) factors."  Id.[1]

The party challenging the sentence has the burden to show that it is unreasonable.  United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008).  We

---

[1]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the serious of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

2

will reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Id. at 1191 (quotation marks omitted).

## II. PROCEDURAL REASONABLENESS

With respect to procedural reasonableness, Espinoza claims the district court presumed the advisory guidelines range of 151 to 188 months' imprisonment was reasonable. See United States v. Hill, 643 F.3d 807, 880 (11th Cir. 2011) ("If a district court applies the guidelines as though they were mandatory or treats the range as presumptively reasonable, that is procedural error."). Espinoza points to comments the district court made in response to Espinoza's request for a downward variance.

Espinoza sought a variance based on the Sentencing Commission's 2013 Report to Congress ("the 2013 Report"), which recommended changes to the guidelines provision for non-production child pornography offenses, U.S.S.G. § 2G2.2, to reflect technological changes in the way typical offenders receive and distribute child pornography. See U.S. Sentencing Commission, Report to the Congress: Federal Child Pornography Offenses (December 2012).[2] In considering Espinoza's variance request, the district court suggested that Congress's inaction

---

[2]At sentencing, Espinoza did not object to the district court's guidelines calculations based on U.S.S.G. § 2G2.2 and does not raise any guidelines calculation error on appeal.

3

on the 2013 Report might mean that Congress believes § 2G2.2 does not need to be changed, but that if Congress is merely slow to act, as Espinoza urged, Espinosa could request resentencing after Congress enacts legislation and the Sentencing Commission makes those changes retroactive.

Espinoza's focus on this suggestion, however, ignores the rest of the district court's comments, which make clear that the district court considered and rejected Espinoza's variance request based on the particular facts of Espinoza's case and not because the district court applied a legal presumption of reasonableness. Specifically, after Espinoza's counsel pointed out that some district courts already were varying downward based on the 2013 Report, the district court acknowledged that it could vary downward "if the offense conduct warrant[ed] it." The district court concluded, however, that "with this case," a downward variance was not appropriate. The district court pointed out that, when law enforcement first uncovered Espinoza's downloading of child pornography, agents gave Espinoza "a break." After forensic examination confirmed Espinoza's confession that he had downloaded and then deleted child pornography, the agents returned Espinoza's computer and warned him to stop downloading child pornography or face imprisonment. Within three months, however, Espinoza had resumed downloading child pornography and admitted in a second confession to agents that he would not stop unless he was arrested. It was these facts, and not a presumption

4

of reasonableness, that caused the district court to deny Espinoza's request for a downward variance.

We also reject Espinoza's claims that the district court failed to consider § 3553(a) factors other than the guidelines range and failed to explain adequately the chosen sentence. The district court explicitly stated that it had considered the § 3553(a) factors and cited several factors, including the offense conduct and the need for deterrence and punishment. See United States v. Dougherty, 754 F.3d 1353, 1359 (11th Cir. 2014) ("Nothing requires the district court to discuss each of the § 3553(a) factors, and an acknowledgment that it has considered each will suffice."). Furthermore, the district court adequately explained that it denied Espinoza's variance request because Espinoza's failed to heed law enforcement's warning and stop downloading child pornography. See 18 U.S.C. § 3553(c) (requiring the district court to, at the time of sentencing, state in open court the reasons for its imposition of a particular sentence); Cubero, 754 F.3d at 897 (explaining that the 2013 Report "does not heighten the district court's statutory duty [under 18 U.S.C. § 3553(c)]").

### III.  SUBSTANTIVE REASONABLENESS

As to substantive reasonableness, Espinoza has not carried his burden to show the district court's imposition of a 151-month sentence, followed by lifetime supervised release, was an abuse of discretion. Espinoza's prison sentence is at the

5

low end of the advisory guidelines range of 151 to 188 months, and well below the applicable 20-year statutory maximum, both markers of reasonableness. See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008). By his own admission, Espinoza downloaded child pornography for a decade—since he was twelve years old—and would not, or could not, stop doing so even after being discovered by law enforcement and threatened with imprisonment. Under the circumstances, given the need to deter Espinoza and protect the public, we cannot say either a 151-month sentence or a life term of supervision was an abuse of discretion.

Espinoza argues that the district court gave insufficient weight to the 2013 Report, which undermines U.S.S.G. § 2G2.2. "While a district court may certainly consider the 2013 report in choosing the ultimate sentence, the report does not invalidate § 2G2.2," and "use of § 2G2.2 as an advisory guideline" does not make the resulting sentence substantively unreasonable, "limit the district court's discretion to determine what weight to give each § 3553(a) factor," or "require the district court to vary from the § 2G2.2-based guidelines range." See Cubero, 754 F.3d at 900. Here, the 2013 Report was only one factor the district court considered, and it was within the district court's discretion to give greater weight to the fact that Espinoza was admittedly and demonstrably unable to stop downloading child pornography and to the various § 3553(a) factors that fact

6

implicated.  See United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007) ("The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court.").

Further, the record does not support Espinoza's claim that the district court "ignored" or "gave *no* weight" to his mitigating facts, such as that: (1) he did not collect child pornography, (2) he had no means to obtain counseling; (3) he had cooperated fully with law enforcement; and (4) his was an unsophisticated first-offender who had not produced child pornography or had contact with children. The district court heard Espinoza's mitigation arguments, including those supported by the 2013 Report, and was not required to explicitly address them. See United States v. Amedeo, 487 F.3d 823, 833 (11th Cir. 2007) (explaining that the district court's failure to discuss mitigating evidence does not mean the district court ignored or failed to consider that evidence in determining the sentence).

Under the totality of the circumstances, we cannot say the district court abused its discretion when it imposed a 151-month sentence and a life term of supervised release.

**AFFIRMED.**